# United States District Court
for
## Middle District of Tennessee

# Report for Modifying the Conditions or Term of Supervision

# with Consent of the Offender

Name of Offender: <u>Darnell O. Williams</u>        Case Number:  <u>3:08-00034</u>

Name of Sentencing Judicial Officer:<u> Honorable Todd J. Cambell, U.S. District Court Judge</u>

Date of Original Sentence:<u> November 1, 2010</u>

Original Offense:<u> 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm</u>

Original Sentence:<u> Seventy (70) months; followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>        Date Supervision Commenced : <u>February 15, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>        Defense Attorney: <u>Jude T. Lenahan</u>

## PETITIONING THE COURT

■        To modify the conditions of supervised release as follows: **The defendant shall reside in a Residential Reentry Center (RRC) for up to 180 days as directed by the United Stated Probation Office. While residing in the RRC, the defendant shall obtain gainful employment and establish a savings account. It is recommended that the defendant's subsistence be waived during his stay at the RRC to allow the defendant to save his employment earnings to secure a residence upon release from the RRC.**

## THE COURT ORDERS:
☐ No Action
☐ The Extension of Supervision as Noted Above
☒ The Modification of Conditions as Noted on Attached Probation Form 49
☐ Other

I declare under the penalty of perjury that the true and foregoing is correct.

Considered this ___9___ day of
___Oct___, 2012 and made a part of the records
in the above case.

*Paul Montgomery*
Paul Montgomery
Sr. U.S. Probation Officer

Honorable Todd J. Campbell
U. S. District Court Judge

Place:    Nashville, TN

Date      October 4, 2012

## CAUSE

On March 2, 2009, Mr. Williams was sentenced to a custody sentence of 51 months, to be followed by three years' supervised release by the Honorable Robert L. Echols, U.S. District Court Judge. On November 1, 2010, the defendant was re-sentenced by Your Honor to a custody sentence of 40 months, to be followed by three years' supervised release. Mr. Williams began supervised release on February 15, 2011. The conditions of supervised release were reviewed with the defendant on February 23, 2011, and he was provided with a copy of the conditions.

The Court was previously notified via a Petition Form 12A on August 26, 2011, about the defendant's arrest on July 7, 2011, by Metro Nashville Police Department, for Criminal Simulation and Driving on Suspended Driver's License. Those charges were nolled on August 1, 2012.

Your Honor was also previously notified via a Petition Form 12A on July 20, 2012, about noncompliant conduct by the defendant. Specifically, the defendant submitted urine drug screens on July 2, 2012, and July 19, 2012, which confirmed positive for cocaine. Also, the defendant failed to report for random drug testing as required, and was charged with Selling Beer Without a Permit. The defendant has a court hearing in Davidson County General Sessions Court on November 15, 2012.

**New Violations:**
Mr. Williams submitted a urine drug screen on September 20, 2012, which confirmed positive for cocaine. He admitted he had used cocaine a few days earlier. The defendant admitted he was having difficulty remaining drug-free. He stated he needed to have more structure in his life. The probation officer suggested that placement in a halfway house would provide him with a more structured environment. The defendant was placed in outpatient drug treatment following a substance abuse assessment on August 7, 2012. He continues to receive weekly outpatient substance abuse treatment at Centerstone.

It is further noted that since the previously submitted violation report to the Court, the defendant also failed to report for random drug screens on September 7, 2012, and September 13, 2012.

The defendant signed the Probation Form 49, Waiver of Hearing to Modify Conditions, to allow placement at a Residential Reentry Center (RRC).

It is recommended that the defendant's conditions of supervised release be modified to allow him an opportunity to reside at a community corrections center (CCC) for up to 180 days. This will provide him an opportunity to secure employment, establish a savings account, and given him the structured environment he desires. Should Mr. Williams secure a residence prior to the expiration of the 180 days, he will be allowed to move to the residence pending approval of the probation officer.

Assistant U.S. Attorney Philip Wehby, concurs with the recommendation of the probation officer.


Attachment: Probation Form 49 (Waiver of Hearing to Modify Conditions)


Reviewed by: _____
                 Kenneth Parham
                 Supervisory U.S. Probation Officer

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
### for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall reside in a Residential Reentry Center (RRC) for up to 180 days as directed by the United Stated Probation Office. While residing in the RRC, the defendant shall obtain gainful employment and establish a savings account. It is recommended that the defendant's subsistence be waived during his stay at the RRC to allow the defendant to save his employment earnings to secure a residence upon release from the RRC.

Witness: *Paul Montgomery*
Paul Montgomery

Signed: *Darnell Willis*
Darnell O. Willams
Probationer or Supervised Releasee

September 20, 2012
Date